IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| RODNEY HENDERSON, Register No. 320781, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 07-4244-CV-C-NKL | |
| ) | | |
| LARRY CRAWFORD, et al., ) | | |
| ) | | |
| Defendants. ) | | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiffs Gregory Weston[1], Danny Louie[1] and Rodney Henderson, while confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[2]

On September 11, 2008, plaintiff Henderson filed a motion to dismiss his complaint and requested discontinuance of payments from his inmate account being applied toward the remaining balance of the court's filing fee.

There being no opposition filed by defendants, plaintiff's motion to dismiss his claims should be granted. However, plaintiff is advised that the court is not authorized under the Prison Litigation Reform Act (PLRA) to direct prison officials not to collect the filing fee for the instant complaint. Williams v. Harmon, 2008 WL 4331125 (8th Cir. Sept. 24, 2008) (unpublished) (citing In Re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) (under the PLRA, prisoners are responsible for filing fees the moment civil litigation is filed).

---

[1]The claims of plaintiff Weston were dismissed on October 8, 2008, and plaintiff Louie's claims were dismissed on April 18, 2008.

[2]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

IT IS, THEREFORE, ORDERED that plaintiff Henderson's motion for discontinuance of payments from his inmate account being applied toward the remaining balance of the court's filing fee in this case is denied. [32] It is further

ORDERED that plaintiffs' April 15, 2008 motion to amend is denied as moot. [18] It is further

RECOMMENDED that plaintiff Henderson's motion to dismiss be granted and plaintiff's claims be dismissed, without prejudice. [32]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 28th day of October, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge